**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**BARBARA ANDREWS**
**v.**
**ALLEGIANT AIR, INC., ALLEGIANT AIR, LLC**

**NOTICE OF REMOVAL**

# EXHIBIT

# A

# COMPLAINT

Electronically Filed
10/22/2012 04:01:38 PM

*[signature]*

CLERK OF THE COURT

1  COMJD
   R. CHRISTOPHER READE, ESQ.
2  Nevada Bar No. 006791
3  ADAM D. GRAFF, ESQ.
   Nevada Bar No. 011806
4  READE & ASSOCIATES
   1333 North Buffalo Drive, Suite 210
5  Las Vegas, Nevada 89128
6  Telephone: (702) 794-4411
   Fax: (702) 794-4421
7  creade@readelawfirm.com; agraff@readelawfirm.com
8  Attorneys for Plaintiff
   BARBARA ANDREW

9                          DISTRICT COURT

10                      CLARK COUNTY, NEVADA

11

12 BARBARA ANDREW, an individual;          )   Case No.: A-12-670500-C
                                           )   Dept. No.    XXIV
13              Plaintiff,                  )
                                           )
14 v.                                       )
                                           )   PLAINTIFF'S COMPLAINT AGAINST
15 ALLEGIANT AIR, INC., a dissolved domestic )   DEFENDANTS AND DEMAND FOR JURY
   corporation; ALLEGIANT AIR, LLC, a domestic )   TRIAL
16 limited liability company; DOES 1 through 25, and )
   ROE BUSINESS ENTITIES I through C,      )   [EXEMPT FROM ARBITRATION –
17 inclusive,                               )   ACTION SEEKING EXTRAORDINARY
                                           )   RELIEF]
18                                          )
                                           )
19              Defendants.                 )

20                          COMPLAINT

21       COMES NOW Plaintiff BARBARA ANDREW [hereinafter "ANDREW"], by and through her

22 Counsel, R. Christopher Reade, Esq., Adam D. Graff, Esq., and the office of Reade & Associates, and

23 hereby Complains against the above-named Defendants as follows:

24                      GENERAL ALLEGATIONS

25       1.      Plaintiff ANDREW is, and at all times relevant hereto was, an individual residing in

26 Clark County, Nevada.

27       2.      Plaintiff is informed and believes, and thereon alleges, that Defendant ALLEGIANT

28 AIR, INC. is a dissolved domestic corporation and is no longer in good standing and authorized to do

                                   -1-

1   business in Clark County, Nevada.

2        3.    Plaintiff is informed and believes, and thereon alleges, that Defendant ALLEGIANT

3   AIR, LLC. [hereinafter "ALLEGIANT"] is a domestic limited liability company, is a successor in

4   interest to Defendant ALLEGIANT AIR, INC., and is in good standing and authorized to do business in

5   Clark County, Nevada.

6        4.    The true names and capacities of Defendants DOES 1 through 25 and ROE BUSINESS

7   ENTITIES I through C are unknown to Plaintiff who therefore sues said persons and entities by said

8   fictitious names. Each of the parties designated as a DOE is responsible in some manner for the events

9   and happenings described in the Complaint which proximately caused the damages as alleged herein

10   and are believed to have committed the acts and/or omissions herein alleged within the course and

11   scope of their agency with ALLEGIANT. Each of the parties designated a ROE BUSINESS ENTITY

12   is responsible in some manner for the events and happenings described herein which proximately

13   caused the damages to Plaintiff as alleged herein and are believed to have committed the acts and/or

14   omissions herein alleged within the course and scope of their agency with ALLEGIANT. Plaintiff

15   will ask leave of Court to amend the Complaint to insert the true names and capacities of the DOES

16   and/or ROE BUSINESS ENTITIES and state appropriate charging allegations, when that information

17   has been ascertained.

18        5.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein

19   each Defendant was an agent of each of the other Defendants and was acting with the knowledge,

20   authorization and/or ratification of each of the other Defendants.

21        6.    Plaintiff is informed and believes, and thereon alleges, that each of the DOE and ROE

22   Defendants participated in or was in some way responsible for one or more of the wrongful acts and

23   omissions and some portion of the damages herein alleged.

24        7.    This Court has subject matter jurisdiction pursuant to Article VI of the Nevada

25   Constitution, and personal jurisdiction over the Defendants in accordance with NRS 14.065, on the

26   grounds that such jurisdiction is not inconsistent with the Nevada Constitution or United States

27   Constitution.

28

8.    At all times relevant herein, Defendant ALLEGIANT employed over fifty (50) employees within a seventy-five (75) mile radius.

9.    Plaintiff ANDREW was hired by Defendant ALLEGIANT on or about December 3, 2003.

10.   Since that time until her formal termination on November 4, 2009, Plaintiff ANDREW had been continuously employed by Defendant ALLEGIANT as a Customer Service Agent, eventually earning a promotion to Lead Customer Service Agent.

11.   During her tenure with ALLEGIANT, ANDREW received very positive evaluations and was known throughout management and by many of her coworkers as a highly knowledgable, detail oriented, exceedingly competent, diligent employee.

12.   Since approximately March, 2008, ALLEGIANT, has subjected Plaintiff ANDREW to invidious gender discrimination and a hostile work environment, to wit:

A.  ANDREW has been referred to as a "strong bitch" and a "bitch" by Lead Victor Palmiotti and others.

B.  Palmiotti has deliberately directed difficult and/or potentially violent customers to speak to ANDREW.

C.  ANDREW has been treated differently than her male co-workers, such as Larry Light, with respect to her ability to get time off or have accommodations made to her work schedule; Mr. Light has been able, as a part-time lead, to successfully request time off in advance, while ANDREW has been repeatedly denied these requests.

D.  As noted by co-worker Carl Danca, ANDREW has been the target of a concerted campaign by co-workers to submit "FYI" complaint sheets against ANDREW for the express purpose of facilitating her termination.

-3-

13.     Following her exposure to these actions, ANDREW sent written complaints regarding Palmiotti's behavior and other incidents of "harassment" and "retaliation" directly to the attention of management.

14.     Management did not take remedial action in response to ANDREWS' complaints.

15.     On information and belief, Customer Service Manager Robert Williamson would tear up negative "FYI" statements at the request of favored employees.

16.     On or about January 27, 2009, ALLEGIANT placed ANDREW on a performance improvement plan, stating that she was being "unprofessional," as she had been making "condescending facial expressions" and was being "sarcastic, negative, [and] unsupportive."

17.     On or about late February, 2009, ANDREW filed a charge of discrimination against ALLEGIANT with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

18.     The EEOC served ANDREW's charge on ALLEGIANT on or about March 5, 2009.

19.     In the months that followed, the work environment became so stressful for ANDREW that she was forced to take a medical leave of absence to recuperate.

20.     On or about June 4, 2009, ANDREW was cleared to return to work by her private physician.

21.     ANDREW was not required to attend a "fitness for duty" examination in order to be allowed to return to work.

22.     Upon ANDREW's return, ANDREW was removed from her lead position and was reassigned to work at the ticket counter.

23.     On or about June 10, 2009, ANDREW was required to meet with Pat Stockfish, director of People Services, and Robert Williamson, to discuss whether ANDREW was capable of returning to work.

-4-

24. On or about June 11, 2009, ANDREW received a telephone call from Necia Clark-Mantle, Director of Employee Relations, wherein Clark-Mantle questioned her about the EEOC charge and intimated that if ANDREW did not answer Clark-Mantle's questions, Clark-Mantle would call the EEOC and tell them that ANDREW was not cooperating in the investigation.

25. On or about September 3, 2009, the parties participated in an EEOC mediation concerning ANDREW's charge.

26. Neither party was represented by counsel.

27. In attendance in support of ANDREW were Arthur Andrew and Debra Blackburn; ALLEGIANT was represented by Robert Williamson and Necia Clark-Mantle, who arrived more than 30 minutes late.

28. At the outset, for approximately 45 minutes, Ms. Clark-Mantle read a written statement which bashed ANDREW and portrayed her as unfit to work.

29. The mediation process was extremely upsetting to ANDREW and only furthered her agitation.

30. The mediation did not result in a settlement of ANDREW's charge.

31. On or about September 6, 2009, only three days after the failure of the mediation, Robert Williamson called ANDREW on the telephone and told her that she would not be needed at work the following day.

32. On information and belief, ALLEGIANT was short-staffed on September 7, 2009.

33. On or about September 11, 2009, Buflene Snyder, Employee Relations Manager, called ANDREW on the telephone and stated that ANDREW was being placed on paid administrative leave, and that Snyder would call her again next week once the company had "figured out what to do."

34. Snyder made no mention of a fitness for duty examination during this telephone call.

35.    On or about September 18, 2009, Snyder called again and told ANDREW that the company "had not forgotten about you" and that ANDREW was "still on paid administrative leave while they pursue their next step." Snyder made no mention of a fitness for duty examination at this time.

36.    On information and belief, someone wrote a letter regarding ANDREW to the attention of the Customer Relations Department with the instruction that it be placed in ANDREW's file and that ANDREW be notified about it. A copy of this letter was forwarded to Robert Williamson. ANDREW was never notified about the contents of the letter.

37.    On or about October 1, 2012, Buflene Snyder called and informed ANDREW that an appointment had been made with Dr. Staci Ross to see if ANDREW was fit for work.

38.    ANDREW informed Snyder that ANDREW had already made an appointment with her personal physician on October 6, 2012 and that he could provide whatever assurances were needed regarding ANDREW's ability to work. Snyder replied that this would be insufficient, that ALLEGIANT had contacted a third party to make the determination, and that it was now "out of their hands."

39.    On or about October 7, 2012, ANDREW e-mailed ALLEGIANT stating that she had been advised not to see ALLEGIANT's non-M.D. doctor, as such action appeared to be evidence of retaliation.

40.    On or about October 13, 2009, ANDREW received a letter stating that ALLEGIANT had scheduled an appointment for her with an M.D. doctor on October 29, 2009, and that seeing this doctor would be a pre-requisite to her continued employment.

41.    This letter continued that ANDREW was to sign a release for her past medical records and deliver them to the company in advance of the appointment.

-6-

42.   ANDREW did not attend the doctor's appointment, and on or about November 5, 2009, ANDREW received notice of her voluntary termination via Fed Ex.

43.   On or about November 9, 2009, ANDREW amended her charge to include ALLEGIANT's acts of retaliation regarding her termination following the EEOC mediation. A copy of ANDREW's amended charge is attached hereto as Exhibit "1".

44.   On or about July 23, 2012, the EEOC issued its "right to sue" letter and addressed a courtesy copy to ALLEGIANT's Necia-Clark Mantle. A copy of the "right to sue" letter is attached hereto as Exhibit "2".

45.   On information and belief, the EEOC intended to charge and release a right to sue for ALLEGIANT AIR, LLC., as this entity was formed in 2004 to take the place of ALLEGIANT AIR, INC.

46.   Prior to her termination, as a foreseeable and proximate result of Defendants' actions and inaction, ANDREW was forced to work fewer hours which in turn negatively impacted her subsequent take-home income.

47.   As a foreseeable and proximate result of Defendants' actions and inaction, ANDREW has lost gainful employment and has been unable to find replacement employment.

48.   The conduct to which Plaintiff ANDREW was subjected was in violation of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII").

49.   Plaintiff ANDREW has satisfied all administrative prerequisites and has received a "Notice of Right to Sue" from the Equal Employment Opportunity Commission attached hereto as Exhibit "2".

///

///

-7-

### FIRST CAUSE OF ACTION
**(Gender Discrimination/Hostile Work Environment in Violation of Title VII and NRS 613.330)**

50.　Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-49 by this reference the same as though fully set forth herein.

51.　Defendant is and at all material times was an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), and, as such, is barred from discriminating in employment decisions on the basis of sex/gender as set forth in Title VII, 42 U.S.C. §2000e et seq. and NRS 613.330.

52.　Plaintiff ANDREW is female and a member of a protected class.

53.　Plaintiff ANDREW was subjected to offensive and physical conduct by Defendant ALLEGIANT, based on her membership in a protected class as detailed supra.

54.　ALLEGIANT's conduct was unwelcome.

55.　ALLEGIANT's conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

56.　Robert Williamson, Brian Manore, and Gary Ross were supervisors with immediate or successively higher authority over Plaintiff ANDREW and Vic Palmiotti.

57.　Defendant created a sexually hostile work environment for Plaintiff ANDREW.

58.　Defendant intentionally subjected Plaintiff to sexually discriminatory conduct including but not limited to the conduct detailed in paragraphs 11 through 48, above.

59.　Plaintiff was treated differently than similarly situated non-Female employees.

60.　Plaintiff's sex was the sole and/or motivating factor in Defendant's conduct.

61.　Plaintiff ANDREW was in fact personally subjected to a sexually hostile work environment by Defendant as detailed supra.

62.　Defendant ALLEGIANT failed to take any action to prevent or correct the conduct of ANDREW's co-workers or supervisors.

-8-

63.    Plaintiff fully availed herself of Defendant ALLEGIANT's corrective opportunities and took reasonable steps to avoid harm.

64.    Defendant ALLEGIANT is additionally responsible for ANDREW's co-worker's conduct by virtue of the doctrine of *respondeat superior*.

65.    As a result of Defendant's conduct, Plaintiff is entitled damages in excess of $10,000.00.

66.    Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages under Title VII in an amount in excess of $10,000.00.

67.    As a result of Defendant's conduct, Plaintiff has been forced to retain and employ legal counsel and thus is entitled to all costs, fees and expenses related to or arising from this litigation as provided by Title VII, 42 U.S.C. §2000e – 5(k).

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII and NRS 613.330)

68.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 67 by this reference the same as though fully set forth herein.

69.    Plaintiff filed a charge of discrimination with the EEOC because she believed that Defendant had discriminated against her and subjected her to illegal harassment because of her sex.

70.    The filing of a charge of discrimination with an administrative agency constitutes protected activity under Title VII and NRS 613.330.

71.    Shortly after Defendant ALLEGIANT received notice of Plaintiffs' charge and right to sue letter, Defendant ALLEGIANT subjected Plaintiff to adverse employment actions including, *inter alia*, raising questions as to her fitness for work and threatening that Plaintiff was required to answer probing questions lest she be accused of obstructing the EEOC investigation.

-9-

72.    In an effort to resolve Plaintiff's charge of discrimination, on or about September 3, 2009, the parties participated in an EEOC-sanctioned mediation session, during which ALLEGIANT verbally bashed and degraded Plaintiff and questioned Plaintiff's mental fitness to work.

73.    The mediation was not successful.

74.    On or about September 6, 2009, only three days after the failure of the mediation, ALLEGIANT informed Plaintiff that she was not to report to work on September 7, 2009, and subsequently placed Plaintiff on paid administrative leave.

75.    Defendant did not allow Plaintiff to work again following her placement on administrative leave.

76.    While Plaintiff remained on leave, Defendant, in an effort to justify Plaintiff's termination, concocted a requirement that Plaintiff release her medical history and submit to a fitness for duty examination with a pre-selected physician of Defendant's choosing in order to be allowed to return to work.

77.    On or about October 1, 2009, twenty-five (25) days after placing her on paid administrative leave, Defendant informed Plaintiff that Plaintiff would be required to tender her full medical history and submit to a fitness for duty examination by Defendant's pre-selected examiner in order to be permitted to return to work.

78.    Plaintiff rightly determined that Defendant was looking for an excuse to disqualify her from work status and refused the examination.

79.    Defendant then used Plaintiff's refusal to submit to a sham examination as an excuse to terminate her employment.

80.    The adverse conduct in which Defendant engaged was a direct result of Plaintiff's complaints that she was being discriminated against on the basis of her sex.

81.    The treatment to which Plaintiff was subjected was retaliatory in violation of Title VII and NRS 613.330.

82.    Plaintiff has suffered and will continue to suffer irreparable injury caused by the conduct of Defendant and its employees.

83.    As a direct and proximate result of the conduct of Defendant and its employees, Plaintiff has been damaged in a sum in excess of $10,000.00.

84.    Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages under Title VII.

85.    As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to her attorneys' fees and costs of suit as provided by Title VII, 42 U.S.C. §2000e – 5(k).

### THIRD CAUSE OF ACTION

**(Negligent Hiring, Training and/or Supervision – against ALLEGIANT)**

86.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-85 by this reference the same as though fully set forth herein.

87.    Defendant ALLEGIANT has a duty to properly hire, train and supervise its employees.

88.    Defendant's duty to properly hire, train and supervise extends to all persons, including Plaintiff, in its employ.

89.    Defendant failed to properly hire, train and/or supervise its agents, servants or employees herein because there was no thorough investigation Plaintiff ANDREW's complaints of sexual harassment, any and all complaints by Plaintiff were not treated with the appropriate level of gravity, Plaintiff ANDREW was treated differently than her male co-workers, Defendant on information and belief failed to properly train employees regarding state and federal laws relating to sexual harassment,

-11-

and, on information and belief, Defendant failed to enforce its own internal no-tolerance policies prohibiting sexual harassment in the workplace.

90.   As a direct and proximate result of the breach of said duty, Defendant's agents, servants or employees' conduct against Plaintiff unlawfully and willfully subjected Plaintiff to discriminatory treatment, illegal conduct, and retaliation in violation of Federal and State law.

91.   As a result of Defendant's conduct, Plaintiff is entitled to recover her damages in an amount in excess of $10,000.00.

## FOURTH CAUSE OF ACTION
### (Injunctive/Declaratory Relief)

92.   Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-91 by this reference the same as though fully set forth herein.

93.   An actual controversy now exists between Plaintiff ANDREW and Defendant ALLEGIANT regarding the rights of the respective parties to legal and equitable relief based on the alleged violations of federal and state law.

94.   This controversy is ripe for judicial determination as Plaintiff has been harmed and will continue to be harmed by Defendant ALLEGIANT's refusal to recant its assertion that Plaintiff was terminated solely for her refusal to submit to a fitness for duty examination.

95.   Accordingly Plaintiff ANDREW desires a judicial determination of her rights under federal and state anti-discrimination laws, and the following declarations under the Uniform Declaratory Judgments Act, codified as NRS 30.010 et seq., as follows:

    a.   A declaration that ALLEGIANT has engaged in illegal gender discrimination and retaliation;

    b.   A declaration that ANDREW was not terminated for willful misconduct and/or failure to submit to a required medical examination.

-12-

96.     Such a judicial determination is necessary and appropriate in order that Plaintiff may correct the record for future employment opportunities and current eligibility for unemployment benefits.

97.     Plaintiff requests that Defendant be enjoined from any further violations of the Constitution or her civil rights.

//

//

//

WHEREFORE, Plaintiff BARBARA ANDREW prays for judgment against Defendants and each of them, jointly and severally, as follows:

1.    Actual damages, plus all interest as provided by law, including prejudgment interest, in sums to be determined at the time of trial;

2.    General damages in sums to be determined at the time of trial;

3.    Punitive and/or exemplary damages in an amount appropriate to punish and/or set an example of these Defendants pursuant to Chapter 41 of the Nevada Revised Statutes and Title VII;

4.    Statutory/Liquidated damages as allowed by law in excess of $10,000.00;

4.    Reasonable attorneys' fees and costs of suit;

5.    Pre-judgment interest;

6     For any and all such other and further relief as the Court may deem just.

DATED this 22nd day of October, 2012.

READE & ASSOCIATES

By: _Adam Graff_
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
ADAM D. GRAFF, ESQ.
Nevada Bar No. 011806
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada  89103
(702) 794-4411
Attorneys for Plaintiff
BARBARA ANDREW

## JURY DEMAND

Plaintiff BARBARA ANDREW by and through her Counsel, R. Christopher Reade, Esq., Adam D. Graff, Esq., and the office of Reade & Associates, hereby demands trial of this matter by jury.

Dated this 22nd day of October, 2012.

READE & ASSOCIATES

By: _Adam Graff_
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
ADAM D. GRAFF, ESQ.
Nevada Bar No. 011806
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
(702) 794-4411
Attorneys for Plaintiff
BARBARA ANDREW

-15-

# Exhibit "1"

# Exhibit "1"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ☐ FEPA ☒ EEOC | Amended 487-2009-00369 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Barbara L. Andrew | (702) 617-4344 | 06-13-1955 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3092 Evening Mist Ave, Henderson, NV 89052 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ALLEGIANT AIR, INC. | Unknown | (702) 851-7303 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8360 Durango Dr., Las Vegas, NV 89113 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | Earliest          Latest<br>11/04/2009<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On December 3, 2003, I was hired by the Respondent as a Customer Service Agent. My current position is as a Customer Service Lead Agent.

In or about March 2008, I was made aware that Vic Palmiotti, Customer Service Lead Agent referred to me as a "strong bitch." Mr. Palmiotti has been subjecting me to harassment and trying to get me terminated by not speaking to me in regards to work related operations, frequently and wrongfully placing blame on me for work related problems, and not carrying out his work responsibilities which negatively affects my work performance. In September 2008, I was written up for allegedly not passing out weather advisory by management. On January 27, 2009, I was a placed on a performance improvement plan. I believe these actions and others taken against me stem from Mr. Palmiotti negatively influencing members of management and coworkers because he views me as an opinionated female.

Beginning in September 2008 until present, I have complained to several members of management about this gender discrimination to include Renee Ivester, Supervisor, Brian Manore, Director, Gary Ross, Supervisor, Ellen Martinez Supervisor, Tina Cox, Human Resources Representative, and Bob Williamson, Manager.

On or about 05/23/2009, I believe I was retaliated against in that I received a mailed letter from the Respondent indicating my position could not be kept open until 06/04/2009 because of operational needs; therefore, I had to accept a demotion to a Customer Service Agent position. In addition, I was sent to work the Ticket Counter a position I have not worked for over 3 years.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Nov 09, 2009          *Barbara L. Andrew*<br>Date          Charging Party Signature | NOV 9<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | Amended 487-2009-00369 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about 06/10/2009, I was asked to a meeting in which I felt Pat Stockfish, Director of People Services, and Robert Williamson, Customer Service Manager, tried to intimidate me and to let me know they were concerned if I could do my job. I asked what is it you expect of me and I was told a "Positive Attitude." I felt as if I was being pressured to quit.

On or about 06/11/2009 I was called by Necia Clark-Mantle, Director of Employee Relations, and I was threatened if I did not answer her questions or provide her a statement she was going to contact the EEOC and indicate I was not cooperating in her investigation.

Since returning to work on 06/15/2009, I have been escorted by Management to pick up my money bag. I have even been watched by management loading an aircraft when I used my flight benefits.

On 09/03/2009, the EEOC attempted mediation between both parties. After the mediation failed, I was no longer allowed to return to work. I was then told that I had to complete a Fitness for Duty in order to keep my job. I was not told why a Fitness for Duty had become a prerequisite for my continued employment. I was told my personal doctor was not sufficient. On 11/04/2009, I was told I was a Voluntary Termination.

I believe I have been discriminated against because of my sex, female, and retaliated against for complaining about the discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Nov 09, 2009     *Barbara L. Andrews* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)    NOV 9 |
| Date      Charging Party Signature | |

Exhibit "2"

Exhibit "2"

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Barbara L. Andrew<br>3092 Evening Mist Ave<br>Henderson, NV 89052 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2009-00369 | Jake B. DeMarco,<br>Investigator | (702) 388-5057 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Adriana E. Lopez,
Acting Director

JUL 2 3 2012

(Date Mailed)

Enclosures(s)

cc:  ALLEGIANT AIR, INC.
Necia Clark-Mantle, Director Employee Relations
8360 S. Durango Dr.
Las Vegas, NV 89113

# CIVIL COVER SHEET

## CIVIL COVER SHEET

Clark County, Nevada

A-12-670500-C
XXIV

Case No. _____
*(Assigned by Clerk's Office)*

### I. Party Information

**Plaintiff(s) (name/address/phone):**
Barbara Andrew
9620 W. Russell Road., #1052
Las Vegas, Nevada 89148

**Attorney (name/address/phone):**
R. Christopher Reade, Esq.,
Reade & Associates, 1333 N Buffalo Drive, Suite 210
Las Vegas, Nevada, 89128, (702) 794-4411

**Defendant(s) (name/address/phone):**
Allegiant Air, LLC
8360 South Durango Drive

Las Vegas, 89113

**Attorney (name/address/phone):**

### II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

#### Civil Cases

| Real Property | Torts |
|---|---|

**Real Property**

**Negligence**

☐ **Landlord/Tenant**
  ☐ Unlawful Detainer
☐ **Title to Property**
  ☐ Foreclosure
  ☐ Liens
  ☐ Quiet Title
  ☐ Specific Performance
☐ **Condemnation/Eminent Domain**
☐ **Other Real Property**
  ☐ Partition
  ☐ Planning/Zoning

☐ **Negligence – Auto**
☐ **Negligence – Medical/Dental**
☐ **Negligence – Premises Liability**
  (Slip/Fall)
☐ **Negligence – Other**

☐ **Product Liability**
  ☐ Product Liability/Motor Vehicle
  ☐ Other Torts/Product Liability
☐ **Intentional Misconduct**
  ☐ Torts/Defamation (Libel/Slander)
  ☐ Interfere with Contract Rights
☒ **Employment Torts** (Wrongful termination)
☐ **Other Torts**
  ☐ Anti-trust
  ☐ Fraud/Misrepresentation
  ☐ Insurance
  ☐ Legal Tort
  ☐ Unfair Competition

**Probate**

**Other Civil Filing Types**

Estimated Estate Value: _____

☐ Summary Administration
☐ General Administration
☐ Special Administration
☐ Set Aside Estates
☐ Trust/Conservatorships
  ☐ Individual Trustee
  ☐ Corporate Trustee
☐ Other Probate

☐ **Construction Defect**
  ☐ Chapter 40
  ☐ General
☐ **Breach of Contract**
  ☐ Building & Construction
  ☐ Insurance Carrier
  ☐ Commercial Instrument
  ☐ Other Contracts/Acct/Judgment
  ☐ Collection of Actions
  ☐ Employment Contract
  ☐ Guarantee
  ☐ Sale Contract
  ☐ Uniform Commercial Code
☐ **Civil Petition for Judicial Review**
  ☐ Foreclosure Mediation
  ☐ Other Administrative Law
  ☐ Department of Motor Vehicles
  ☐ Worker's Compensation Appeal

☐ **Appeal from Lower Court** *(also check applicable civil case box)*
  ☐ Transfer from Justice Court
  ☐ Justice Court Civil Appeal
☐ **Civil Writ**
  ☐ Other Special Proceeding
☐ **Other Civil Filing**
  ☐ Compromise of Minor's Claim
  ☐ Conversion of Property
  ☐ Damage to Property
  ☐ Employment Security
  ☐ Enforcement of Judgment
  ☐ Foreign Judgment – Civil
  ☐ Other Personal Property
  ☐ Recovery of Property
  ☐ Stockholder Suit
  ☐ Other Civil Matters

### III. Business Court Requested (Please check applicable category; for Clark or Washoe Counties only.)

☐ NRS Chapters 78-88
☐ Commodities (NRS 90)
☐ Securities (NRS 90)

☐ Investments (NRS 104 Art. 8)
☐ Deceptive Trade Practices (NRS 598)
☐ Trademarks (NRS 600A)

☐ Enhanced Case Mgmt/Business
☐ Other Business Court Matters

October 22, 2012
_____
Date

*Adam Cun...* (signature)
_____
Signature of initiating party or representative

Form PA 201
Rev. 2.5E

# ORIGINAL SUMMONS

ORIGINAL

1  SUMM
   R. CHRISTOPHER READE, ESQ.
2  Nevada Bar No. 006791
   ADAM D. GRAFF, ESQ.
3  Nevada Bar No. 011806
   READE & ASSOCIATES
4  1333 North Buffalo Drive, Suite 210
   Las Vegas, Nevada 89128
5  Telephone: (702) 794-4411
   Fax: (702) 794-4421
6  creade@readelawfirm.com; agraff@readelawfirm.com
7  Attorneys for Plaintiff
   BARBARA ANDREW
8
                      **DISTRICT COURT**
9
                 **CLARK COUNTY, NEVADA**
10

11  BARBARA ANDREW, an individual;          )
                                            )  Case No.: A-12-670500-C
12              Plaintiff,                   )  Dept. No.  XXIV
                                            )
13  v.                                      )
                                            )
14  ALLEGIANT AIR, INC., a dissolved domestic )
    corporation; ALLEGIANT AIR, LLC, a domestic )
15  limited liability company; DOES 1 through 25, and )
    ROE BUSINESS ENTITIES 1 through C,      )
16  inclusive,                              )
                                            )
17                                          )
                                            )
18  _____ Defendants.         )

19
20                      **SUMMONS**

21          **NOTICE!  YOU HAVE BEEN SUED AS A DEFENDANT.**
    **THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS**
22       **YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

23                      **ALLEGIANT AIR, LLC**

24  **TO THE DEFENDANT:**  A civil Complaint has been filed by the Plaintiff in the above-entitled

25  action for the relief set forth in the Complaint, more specifically (1) Gender Discrimination/Hostile

26  Work Environment in Violation of Title VII and NRS 613.330 (all defendants); (2) Retaliation in

27  Violation of Title VII and NRS 613.330 – (all defendants); (3) Negligent Hiring, Training and/or

28

Supervision — (against ALLEGIANT): and (4) Injunctive/Declaratory Relief (all defendants).

1.      If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service. you must do the following:

a.      File with the Clerk of this Court, whose address is shown below. a formal written response to the Complaint in accordance with the rules of the Court follows:

b.      Serve a copy of your response upon the attorney whose name and address is shown below

2.      Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in taking of money or property or other relief requested in the Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

**STEVEN D. GRIERSON, CLERK OF COURT**

By: _____

**Deputy Clerk**                                Date
Regional Justice Center
200 Lewis Avenue
Las Vegas. Nevada. 89155

Issued at the direction of:

READE & ASSOCIATES

By: _____
R. CHRISTOPHER READE. ESQ.
Nevada Bar No. 006791
ADAM D. GRAFF. ESQ.
Nevada Bar No. 011806
1333 North Buffalo Drive. Suite 210
Las Vegas. Nevada 89128
Telephone: (702) 794-4411
Attorneys for Plaintiff

2